IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SHARON CORNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. |
| | ) |
| HARTFORD LIFE & ACCIDENT | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR RECOVERY OF PLAN BENEFITS
AND FOR ENFORCEMENT OF RIGHTS UNDER ERISA**

NOW INTO COURT, through undersigned counsel, comes Plaintiff, SHARON CORNETT, who brings this cause of action to obtain relief from Defendant's refusal to pay Long Term Disability benefits due under an employee benefits plan and for Defendant's other violations of the Employee Retirement Security Act of 1974 ("ERISA"), respectfully represents as follows:

**1.**

The Court's jurisdiction is invoked pursuant to 28 U.S.C. 1337 and 29 U.S.C. 1132(e) (ERISA 502(e)). Plaintiff's claims relate to an employee welfare benefits plan as defined by ERISA, 29 U.S.C. 1001 et seq. and the subject Disability Benefit Plan constitutes a "plan under ERISA."

**2.**

The ERISA statute at 29 U.S.C. 1133, as well as Department of Labor regulations at 29 CFR 2560.503-1, provides a mechanism for administrative or internal

1

appeal of benefit denials. In this case, those avenues of appeal have been exhausted and this matter is now properly before this Court for judicial review.

**3.**

Venue is proper pursuant to 29 U.S.C. 1132(e)(2).

**4.**

Sharon Cornett resides at 364 Pineview Road, Dayton, Rhea County, Tennessee.

**5.**

At all material times, Sharon Cornett was employed by Omnicare, Inc..

**6.**

Omnicare, Inc. maintained the Omnicare, Inc. Group Disability Income Insurance Plan, hereinafter referred to as the "Plan".

**7.**

The designated agent for service of process on the Plan is: Omnicare, Inc., 100 E. River Center Blvd., Suite 1500, Covington, KY 41011.

**8.**

The Plan is a group disability income insurance plan.

**9.**

Defendant, Hartford Life and Accident Insurance Company (hereinafter "The Hartford"), is the claims administrator of the Plan and is the entity which made the decision to deny Plaintiff's claim for benefits under the Plan. The Hartford is an insurance company authorized to transact business in this state, and may be served through the

Commissioner of the Tennessee Department of Commerce and Insurance, 500 James Robertson Parkway, Suite 660, Nashville, Tennessee 37243-1131.

**10.**

The Hartford designed a Plan (Group Long Term Disability Insurance) for the employees of Omnicare, Inc..

**11.**

Plaintiff is a participant or beneficiary of the Plan.

**12.**

Plaintiff is covered by Policy No. 83129954 that provides benefits, including long-term disability ("LTD") coverage.

**13.**

The Defendant is the party obligated to pay benefits and to determine eligibility for benefits under Policy No. 83129954, issued by Defendant to Omnicare, Inc.

**14.**

The Policy became effective January 1, 2003.

**15.**

Plaintiff ceased work due to a disability on or about October 11, 2010, while covered under the Plan.

**16.**

Plaintiff has been and continues to be disabled as defined by the provisions of the Plan and relevant policy.

**17.**

Plaintiff timely filed an application for benefits under the Plan.

3

**17.**

On October 16, 2011, Mrs. Cornett was found disabled by the Social Security Administration.

**18.**

The Hartford approved and paid LTD benefits to the Plaintiff for two years. The Hartford stopped paying LTD benefits effective April 11, 2013.

**19.**

By letter dated April 8, 2013, The Hartford determined that Plaintiff did not meet the definition of disability beyond April 10, 2013. Plaintiff was advised that if she disagreed with the decision, she would need to appeal the decision administratively within 180 days: "After your appeal, and if we again deny your claim, you then have the right to bring a civil action under 502(a) of ERISA."

**20.**

On April 22, 2013, Plaintiff requested the claims file and related documents from the Defendant. About a month later, the Defendant provided some documents, but withheld production of the Policy, relevant correspondence, and the qualifications of their experts. On June 7, 2013, the Defendant advised Plaintiff that "all of the information from the file has been forwarded. Please find enclosed a copy of the policy file."

**21.**

On October 3, 2013, Plaintiff submitted an appeal with numerous exhibits supporting her claim for disability.

**22.**

On November 22, 2013, approximately 50 days after Plaintiff's appeal had been submitted by fax and U.S. Mail, the Defendant sent a letter to Plaintiff advising that the appeal had been received and a decision "should be made within 45 days of receipt of the request."

**23.**

By letter dated December 17, 2013, approximately 75 days after Plaintiff's appeal was submitted and received, the Defendant denied Plaintiff's appeal.

**24.**

The defendant(s) improperly denied the Plaintiff's claim for LTD benefits.

**25.**

Plaintiff has been and continues to be disabled as defined by the provisions of the Plan.

**26.**

Plaintiff has exhausted her administrative remedies under the Plan with respect to LTD benefits, and according to the Defendant, she is permitted to "bring a civil action under Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA").

**27.**

Under the terms of the Plan, Defendant agreed to provide Plaintiff with long term disability benefits in the event the Plaintiff became disabled as defined by the Plan.

**28.**

Defendant failed to provide benefits due under the terms of the Plan, and this denial of benefits constitutes a breach of the Plan.

**29.**

The decision to deny benefits was wrong and unreasonable under the terms of the Plan.

**30.**

The entities that made the decisions to deny benefits were under a perpetual conflict of interest because the benefits would have been paid out of their own funds.

**31.**

The entities that made the decisions to deny benefits allowed their concern over their own funds to influence their decision-making.

**32.**

The Defendant failed to render the benefit determination in accordance with the regulatory requirements. Therefore, *de novo* review is appropriate.

**33.**

The decision to deny benefits and the decision-making process was arbitrary and capricious.

**34.**

The decision to deny benefits was not supported by substantial evidence in the record.

**35.**

As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has been damaged in the amount equal to the amount of benefits to which she would have been entitled to under the Plan.

**36.**

As a direct and proximate result of the aforementioned conduct of the Defendant in failing to provide benefits for Plaintiff's disability, Plaintiff has suffered, and will continue to suffer in the future, damages under the Plan, plus interest and other damages, for a total amount to be determined.

WHEREFORE, Plaintiff requests that this Court grant her the following relief:

(i) A finding in favor of Plaintiff against defendant;

(ii) Damages in the amount equal to the disability income benefits to which she was entitled through the date of judgment, for unpaid benefits pursuant to 29 USC 1132(a)(1)(B);

(iii) Prejudgment and post judgment interest;

(iv) An Order requiring the Plan, the Plan Administrator, or appropriate Plan fiduciary to pay continuing benefits in the future so long as Plaintiff remains disabled under the terms of the Plan;

(v) An Order requiring the Plan, Plan Administrator, or appropriate Plan fiduciary to provide Plaintiff with any other employee benefits to which she may be entitled due to a finding of disability for so long as the Plaintiff remains disabled under the terms of the Plan;

(vi) Plaintiff's reasonable attorney fees and costs; and,

(vii) Such other relief as this Court deems just and proper.

Dated this 9th day of January, 2014.

THE HAMILTON FIRM

 s/ Patrick A. Cruise
PATRICK A. CRUISE, TN BPR 024099
*Attorney for Plaintiff*
2401 Broad Street, Suite 102
Chattanooga, TN 37408
Phone: 423.634.0871
Fax: 423.634.0874
pac@thehamiltonfirm.com